UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

EXPORT DEVELOPMENT CANADA,

                              Plaintiff,

      vs                                                6:08-CV-1000

VINCENT AMATO; PIONEER WINDOW MFG.
CORP; PIONEER WINDOW HOLDINGS, INC.;
PIONEER WINDOWS, INC.; VJA
MANUFACTURING, INC.; and JOHN DOES
1 THROUGH 10,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PIONEER WINDOW MFG. CORP. and
PIONEER WINDOWS, INC.,

                              Third-Party Plaintiffs,

      vs

TRULITE INDUSTRIES, LTD. and
GEORGE A. FULLER COMPANY, INC.,

                              Third-Party Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                 OF COUNSEL:

SHEATS & ASSOCIATES, P.C.            EDWARD J. SHEATS, ESQ.
Attorneys for Plaintiffs and
   Third-party Defendant Trulite Industries, Ltd.
PO Box 820
9650 Brewerton Road
Brewerton, NY 13029

CHARLES R. PIERCE, JR., ESQ.
Attorneys for Defendants Vincent Amato,
   Pioneer Window Mfg. Corp.,
   Pioneer Window Holdings, Inc.,
   Pioneer Windows Inc. and VJA Manufacturing, Inc.
64 East main Street
Huntington, NY 11743

DelBELLO DONNELLAN WEINGARTEN
  WISE & WIEDERKEHR, LLP                PATRICK M. REILLY, ESQ.
Attorneys for Third-Party Defendant,
  George A. Fuller Company, Inc.
The Gateway Building
One North Lexington Avenue
White Plains, NY 10601

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

## I. INTRODUCTION

      Third-party plaintiffs Pioneer Window Mfg. Corp. and Pioneer Windows, Inc. (collectively "Pioneer") move pursuant to Fed. R. Civ. P. 59(e) to alter or amend the judgment entered on July 9, 2009, which dismissed Pioneer's third-party claims against third-party defendant George A. Fuller Company, Inc. ("Fuller"). Fuller responded in opposition, and Pioneer replied in further support. The motion was taken on submission without oral argument.

## II. FACTS

      As the general contractor for the construction of Trump Plaza Condominiums ("the Project") in New Rochelle, New York, Fuller and Pioneer executed a contract on August 25, 2006. The contract required Pioneer to provide and install the windows, doors, curtain walls, and louvers for the Project. Under the contract, time was of the essence and required that Pioneer would complete its obligations within a twelve-week installation schedule. Further, the contract required any action brought pursuant to the contract to be brought within one year from the date the contractor stopped work.

At some later point, Pioneer contracted to purchase insulated glass units from Trulite Industries, Ltd. ("Trulite") for use in the Project. Once Trulite delivered the insulated glass units, Pioneer would assemble the units with window frames or curtain walls, and then install the assembled pieces at the Project.

Pioneer alleges Trulite failed to ship and deliver the insulated glass units in a timely manner, which forced Pioneer to make alternative arrangements for the Project. According to Pioneer, it incurred costs greater than the original contract price by installing temporary components at the Project site and then removing them and installing the permanent glass units after their arrival. However, Pioneer was on the job site for the twelve-week installation period called for in its contract with Fuller, and completed all window installation within that time frame except one run which was blocked by a hoist. On April 25, 2007, Pioneer submitted to Fuller an "Application and Certificate for Payment" indicating that Pioneer's work on the Project was completed. The application included payment for installation of the window run blocked by the hoist. Pioneer returned in July 2007 and in one week completed the installation of the window run previously blocked by the hoist.

Pioneer contended that its work at the Project was not complete until a later date. It submitted a list of work it allegedly did at the Project, under the contract, after April 2007. The list begins on August 1, 2008, and includes twenty-nine visits described as "adjusted doors, retrofitted doors with new keepers and weatherstripping." The remaining visits were either repairing broken items or the same as the first visits. No later applications and certificates for payment were produced.

Pioneer failed to make payments to Trulite for the insulated glass units that were delivered and which Pioneer installed at the Project. Trulite assigned its rights and liabilities with regard to its contract with Pioneer to plaintiff Export Development Canada ("Export Development"). In the first party action, Export Development seeks payment for the insulated glass units delivered by Trulite to Pioneer. Pioneer counterclaimed, alleging that Trulite breached the contract by delivering the insulated glass units late. Pioneer also initiated the third party action seeking to recover from Fuller and Trulite for the excess costs it incurred and added to the contract price but never received.

Pioneer asserted several causes of action against Fuller such as improper assessment of back charges, nonpayment for additional or extra work done over the contract price, and failure to pay requisitions.

On July 9, 2010, after rendering a decision from the bench, a Decision and Order was entered dismissing Pioneer's third-party action against Fuller based upon the contractual statute of limitations. Based upon the evidence in the record, it was determined that Pioneer completed its work under the contract on April 25, 2007. Under the contract, any action must have been initiated on or before April 27, 2008. Pioneer's third-party action against Fuller, initiated on March 4, 2009, was found to be barred by the contractual statute of limitations.

## III. DISCUSSION

### A. Rule 59(e) Standard

Authority to alter or amend a judgment is provided in Fed. R. Civ. P. 59(e). Motions to alter or amend a judgment pursuant to Rule 59(e) "can correct 'manifest errors of law or fact,' but cannot be used to 'relitigate old issues, to advance new theories, or to

secure rehearing on the merits.'" Sank v. City Univ. of New York, No. 94 Civ. 0253(RWS), 2003 WL 21403682, at *2 (S.D.N.Y. June 19, 2003) (quoting, in a parenthetical, United States v. Int'l Longshoreman's Ass'n, 831 F. Supp. 167, 169 (S.D.N.Y. 1993)), aff'd, 112 Fed. Appx. 761 (2d Cir. 2004); Cole v. United States, No. 98 CV 7670(SJ), 2005 WL 3454322, at *2 (E.D.N.Y. Dec. 7, 2005).  In other words, additional facts or new theories cannot be presented, unless it is shown that there were "controlling decisions or data that the court overlooked." Shrader v. CSX Transp., Inc., 70 F.3d 255, 256-57 (2d Cir. 1995); Cole, 2005 WL 3454322, at *2; Sank, 2003 WL 21403682, at *2.  Such purportedly overlooked decisions or data must "reasonably be expected to alter the conclusion reached by the court." Shrader, 70 F.3d at 257; Cole, 2005 WL 3454322, at *2.

### B. Analysis

Pioneer first argues that the facts set forth on Fuller's motion were misconstrued and that, in fact, it did not cease work on the Project until after the third-party action was filed.  In opposition to the motion Pioneer filed the affidavit of its president, Anthony Ross. (Ross Aff. Doc. No. 27.)  Attached to the Ross affidavit is a list of work performed by Pioneer at the Project during 2008 and 2009, which was previously found by Pioneer's own submission to have been repair or guarantee work.  On this motion Pioneer submitted the affidavit of assistant project manager Matthew Leiser to detail the work Pioneer performed since April 2007, purportedly contract work.  Leiser sets forth the work performed by Pioneer, including photographs, letters, and emails, in order to demonstrate that it was contract work rather than repair or guarantee work.  (Leiser Aff. Doc. No. 34-1.) This information was available at the time of the previous motion but was not submitted by Pioneer.  What Pioneer is attempting to do here is to present  additional facts, which it

- 5 -

cannot do. See Shrader, 70 F.3d at 256-57. This was not facts that the court overlooked; rather, it was facts that although available Pioneer failed to submit. Pioneer seeks to relitigate the issue of whether the work it performed in 2008 and 2009 was contract work versus repair or guarantee work, which it cannot do. See Sank, 2003 WL 21403682, at *2.

Pioneer also argues that controlling law was misapplied, entitling it to reconsideration. However, the basis for this argument is that the work that was done within one year of the filing of the third-party action was contract work (not repair or guarantee work), the very issue it is precluded from litigating. Accordingly, Pioneer is not entitled to relief based on this argument.

Pioneer's remaining arguments, that the third-party claims were properly asserted under Fed. R. Civ. P. 14(a) and that venue is proper in the Northern District of New York are moot given that the judgment will not be altered or amended to reinstate the third-party claims.

## IV. **CONCLUSION**

Pioneer is precluded from presenting additional facts in order to relitigate an issue previously decided. Because relitigation of the issue previously decided provides the basis for Pioneer's argument that controlling law was misapplied, this argument fails. Pioneer's remaining arguments of proper impleader and venue are moot.

Accordingly, it is

ORDERED that the motion to alter or amend the judgment by third-party plaintiffs Pioneer Window Mfg. Corp. and Pioneer Windows, Inc. is DENIED.

IT IS SO ORDERED.

_____
United States District Judge

Dated: June 11, 2010
       Utica, New York.